UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELVIN SUCHITE-MENDEZ,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 26-2703-RSM

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Elvin Suchite-Mendez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition and a Return filed by the Government, Dkt. #6, and the remainder of the record. The following facts come from the Petition and a declaration of an ICE officer, Dkt. #8.

The Court incorporates by reference the facts set forth in a prior Order granting habeas relief for this Petitioner. *See Suchite-Mendez v. Mullin*, No. 2:26-CV-01691 DGE, 2026 WL 1801004, *2-5 (W.D. Wash. June 23, 2026). Petitioner was denied bond as a flight risk in his first bond hearing. The Court ordered a new bond hearing, finding that the immigration judge ("IJ") improperly denied bond under 8 U.S.C. § 1225 (mandatory detention), thus tainting subsequent consideration of the bond request, and because the record was "not sufficiently

complete for the Court to conclude that *no* rational immigration judge would determine Petitioner to be a flight risk." *Id*. at *16–18.

Petitioner received this Court-ordered second bond hearing on June 29, 2026. Respondents have provided a transcript. *See* Dkt. #7-2. Petitioner's second habeas petition argues this second bond hearing failed to comply with the Court's Order because it lacked an individualized, reasoned custody determination as required by the Due Process Clause of the Fifth Amendment. Dkt. #1 at 4. He asks for immediate release under appropriate conditions of supervision. *Id*. at 5.

In general, the Court does not have jurisdiction to review discretionary bond decisions. 8 U.S.C. § 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

However, Section 1226(e) does not "strip federal courts of 'traditional habeas jurisdiction.'" *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). While factual questions raised in an application for discretionary relief are unreviewable, a district court may review a habeas challenge to an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Id.* at 782 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221, 144 S. Ct. 780, 218 L. Ed. 2d 140 (2024)). In other words, Section 1226(e) "precludes federal courts from reviewing 'underlying factual determinations'" such as "'credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides,'" but it does not bar review of pure legal questions or

mixed questions of law and fact, "even when [the latter] are primarily factual[.]" *Id.* at 782-84 (quoting *Wilkinson*, 601 U.S. at 225). Such determinations are reviewed for an abuse of discretion. *Martinez*, 124 F.4th at 784. Under abuse of discretion review, the Court "cannot reweigh evidence," but instead determines whether the immigration judge "applied the correct legal standard." *Id.* at 785.

The Court has reviewed the transcript from the second bond hearing and finds that the IJ adequately set forth the correct legal standards and discussed the relevant factors for determining whether bond should be granted. He discussed facts unique to Petitioner, engaged in back and forth questioning of Petitioner and Petitioner's counsel, and orally weighed the evidence. The IJ appears to discount several factors in Petitioner's favor, while highlighting factors that apply to many if not most immigrant detainees. The IJ fails to explain why he is not imposing alternatives to detention, such as an ankle monitor. However, Petitioner has not shown that these circumstances violate his due process rights or that habeas relief is otherwise warranted at this time. The Court cannot substitute its weighing of the evidence for that of the IJ.

Given all of the above, the Court need not address Respondents' remaining arguments for denying this Petition.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED. This case is CLOSED.

DATED this 21st day of September, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE